# In the United States Court of Federal Claims

No. 14-228C
(Filed:  October 2, 2014)

```
************************************
                                   *
VANESSA BROOKS                     *
Doing business as                  *
BORROWED TIME                      *
ENTERPRISES,  INC.,                *
                                   *
                    Plaintiff,     *
                                   *
          v.                       *
                                   *
THE UNITED STATES,                 *
                                   *
                    Defendant.     *
                                   *
************************************
```

## ORDER DISMISSING CASE

Plaintiff Vanessa Brooks, doing business as Borrowed Time Enterprises, Inc., filed her Complaint on March 25, 2014.  Plaintiff vaguely alleges that she had a contract to provide supplies to the Government and that upon delivery of those supplies, the Government rejected the delivery as being incorrect.  Compl. at 1.  Plaintiff believes the delivery was wrongly rejected and seeks damages for breach of contract in the amount of $10,090.00.  *Id.* at 2.  On May 27, 2014, the Government filed its Motion to Dismiss pursuant to the Rules of the Court of Federal Claims ("RCFC") 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff filed her Response on September 30, 2014.[1]  For the reasons set forth below, the Court grants the Government's Motion to Dismiss.

RCFC 12(b)(6) allows for the dismissal of a complaint if, assuming the truth of all the allegations, the complaint fails to state a claim upon which relief may be granted as a matter of law.  *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).  When analyzing a motion to dismiss under RCFC 12(b)(6), the Court must also accept as true the complaint's undisputed factual allegations and should construe them in a light most

---

[1] This case had previously been dismissed without prejudice for failure to prosecute due to Plaintiff's counsel's failure to timely become admitted to practice before the United States Court of Federal Claims.  Thereafter, Counsel became admitted to practice on August 22, 2014, and in light of this, the Court granted his Motion for Reconsideration and reopened the case on August 25, 2014.

favorable to plaintiff, *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991), and "the [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Altantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quotation marks omitted). "[N]aked assertion[s]" devoid of "further factual enhancement" do not suffice. *Id.* at 557; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that the pleading standards demand more than "unadorned, the-defendant-unlawfully harmed-me accusation[s].").

Plaintiff's vague complaint, which contains only three numbered paragraphs, does not rise to the pleading standard required by *Twombly* and *Iqbal*. Plaintiff has failed to include any details of the contract in the pleadings, including what supplies the contract called for, which branch of government the Plaintiff contracted with, what supplies were delivered to the Defendant when they were rejected, what the obligations of each party were under the contract, the total value of the contract, and any argument for why $10,090.00 is the appropriate amount of damages for the alleged breach.

Additionally, as RCFC 9(k) provides, "[i]n pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies. In lieu of a description, the party may annex to the complaint a copy of the contract or treaty, indicating the relevant provisions." Plaintiff has not cited to any specific passage or substantive provision of the contract nor has a copy of the contract been attached to the Complaint.

Thus, because the Complaint contains an insufficient amount of information necessary for this case to proceed, Defendant's Motion to Dismiss is hereby GRANTED. The Clerk of Court is directed to enter judgment accordingly and close the case.

s/ Edward J. Damich
EDWARD J. DAMICH
Senior Judge